IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER M. REYES, | § | |
| TDCJ #1306523, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3457 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Roger M. Reyes (TDCJ #1306523), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Reyes has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

## I.     BACKGROUND

Reyes indicates that, on May 25, 2005, he pleaded guilty to possessing a controlled substance, namely, cocaine, after the trial court denied his motion to suppress. As a result, the 230th District Court of Harris County, Texas, sentenced Reyes to serve twenty-five years' imprisonment in state court cause number 1004701. On direct appeal, Reyes challenged the

trial court's decision to deny his motion to suppress. *See Reyes v. State*, No. 14-05-00637-CR, 2006 WL 2433867 (Tex. App.— Houston [14th Dist.] August 24, 2006, no pet.).   In affirming the trial court's decision, the appellate court summarized the pertinent facts surrounding Reyes's arrest as follows:

> On October 21, 2004, Officer Floyd Winkler of the Houston Police Department, was conducting a narcotics investigation, which led him to a parking lot on Highway 6 at Interstate 10. Winkler testified he had information that a large narcotics transaction would take place in the parking lot. His information included the fact that a Ford Explorer would be involved in the transaction. At approximately 1:00 in the afternoon, a Ford Explorer entered the parking lot. Fifteen minutes later, a Volkswagen driven by [Reyes] and his co-defendant, Israel Herrera, entered the parking lot and drove up to the Ford. A woman exited the Ford and gave [Reyes] and Herrera an empty suitcase. [Reyes] placed the open suitcase in the trunk of the Volkswagen and began to place "brick-like" objects in the suitcase. After the suitcase was filled, both cars left the parking lot.
>
> Before the transaction, Winkler had requested that a Department of Public Safety Trooper be available to make a traffic stop. Winkler followed the Volkswagen in his unmarked vehicle until he observed the driver of the vehicle change lanes in advance of a hard left turn without signaling that he would be changing lanes. According to Winkler, the lane change almost caused an accident. Winkler then radioed the trooper to make a traffic stop. Trooper C. Franden stopped the vehicle, asked [Reyes] and Herrera several questions, and obtained consent to search the vehicle. Trooper Franden found a suitcase full of cocaine in the trunk of the vehicle. After the cocaine was discovered, Winkler arrived on the scene, arrested [Reyes] and Herrera, and advised them of their rights.  [Reyes] waived his rights and made a statement to Winkler.

*See id*., 2006 WL 2433867, *1.  Reyes reportedly requested an extension of time to file a petition for discretionary review with the Texas Court of Criminal Appeals, but that his request for an extension was denied on October 26, 2006.

Reyes now seeks a federal writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.  Reyes contends that he is entitled to relief for the following reasons: (1) his traffic stop and detention were unlawful; (2) the officer exceeded the scope of consent, if given, to search the vehicle; (3) his statements to law enforcement were involuntary and should have been suppressed; (4) his guilty plea was based on erroneous advice from counsel and was therefore involuntary; and (5) he was denied effective assistance of counsel on appeal. Reyes concedes that the Texas Court of Criminal Appeals has not yet addressed these issues because he has only recently raised them in a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  (Doc. # 1, *Petition*, at ¶¶ 11, 23).  Because the state's highest court of criminal jurisdiction has not yet completed its review of that application, the pending federal petition must be dismissed for reasons that follow.

## II.   <u>DISCUSSION</u>

### A.    **Exhaustion of Administrative Remedies**

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional,

but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d

4

708, 723 (5th Cir.) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."), *cert. denied*, 541 U.S. 1087 (2004).

Reyes reports that he has recently raised the questions presented in his federal habeas corpus petition by submitting a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on September 17, 2007. (Doc. # 1, *Petition*, at ¶¶ 11, 23). Reyes concedes that, to date, the Texas Court of Criminal Appeals has not issued a decision on that application. (*See id.*). Thus, the pleadings plainly show that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, the petitioner does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

**B.     The Petitioner's Request for a Stay**

In an attachment to the petition, Reyes requests a stay pending the resolution of his state court habeas proceeding. This Court has the discretion to either abate or dismiss a federal habeas action pending resolution of state habeas proceedings. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). In that respect, the United States Supreme Court has decided that the federal habeas corpus statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), do not deprive district courts of the

5

authority to issue a stay. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Supreme Court recognized, however, that staying a federal habeas corpus proceeding has the potential to undermine the AEDPA's "objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" as well as the AEDPA's "goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* Thus, a stay is proper only in "limited circumstances" when the district court finds that: (1) there was good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay. *See id.* at 277.

Reyes fails to articulate any explanation for his failure to exhaust state court remedies prior to seeking federal habeas corpus review and he cites no good reason for his delay. Under these circumstances, a stay is not warranted. *See Rhines*, 544 U.S. at 277; *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (declining to grant a stay absent a showing of good cause and a meritorious claim). Accordingly, Reyes's request for a stay is denied.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255

6

require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

IV.     **CONCLUSION**

For these reasons, the Court **ORDERS** as follows:

1.      The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2.      The petitioner's request for a stay is **DENIED** and the petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on October 24, 2007.

Nancy F. Atlas
United States District Judge